UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DEMETRIUS B. PITTMAN    )
              )
v.             )    No.  3:13-00250
              )    JUDGE CAMPBELL
              )
UNITED STATES OF AMERICA   )


<u>MEMORANDUM</u>

I.  <u>Introduction</u>

   Pending before the Court are the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Docket No. 1) and Memorandum Of Law And Facts Supporting Motion To Vacate (Docket No. 2), as well as the United States' Motion To Dismiss Petitioner's Motion (Docket No. 7).  The Petitioner has failed to respond to the Government's Motion To Dismiss though the response deadline expired over two months prior to the date of entry of this Memorandum and Order. (<u>See</u> Docket No. 8).

   For the reasons set forth herein, the Court GRANTS the Government's Motion To Dismiss (Docket No. 7), and DENIES Petitioner's Motion To Vacate (Docket No. 1). Accordingly, this action is DISMISSED.

II.  <u>Procedural and Factual Background</u>

   Petitioner pled guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, on June 29, 2010. (Docket Nos. 32, 33 in Case No. 3:09-00264).  The Court subsequently sentenced the Petitioner to a total term of 110 months of imprisonment, concurrent to a state sentence the Petitioner was serving on the date of sentencing. (Docket Nos. 46, 47 in Case No. 3:09-00264).  The Judgment was entered on

September 14, 2010. (Id.) The record reveals that no appeal was taken from the conviction or

judgment. Petitioner filed the pending Section 2255 Motion To Vacate on March 20, 2013.

(Docket No. 1).

## III.  Analysis

The Government contends that the Petitioner's Motion is barred by the one-year statute

of limitations applicable to actions brought pursuant to 28 U.S.C. § 2255.  Subsection (f) of

Section 2255 establishes the one-year limitations period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created
>> by governmental action in violation of the Constitution or laws of
>> the United States is removed, if the movant was prevented from
>> making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by
>> the Supreme Court, if that right has been newly recognized by the
>> Supreme Court and made retroactively applicable to cases on
>> collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.

Subsection (f)(1) applies here as none of the other subsections appear to be implicated by

Petitioner's Section 2255 Motion.  According to the Sixth Circuit, the "date on which the

conviction becomes final," under Subsection (f)(1) means "at the conclusion of direct review."

28 U.S.C. § 2255; Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004). For

purposes of Section 2255, a judgment of conviction that is not appealed by a defendant becomes

"final" 14 days after the entry of judgment. Id.; Fed. R. App. P. 4(b) (In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of the judgment or the filing of the government's notice of appeal). Therefore, the Petitioner's judgment of conviction became final on September 28, 2010, and he had until September 28, 2011 in which to file an action under Section 2255. As noted above, Petitioner's Motion in this case was not filed until March 20, 2013, over a year after the one-year statute of limitations deadline.

The Petitioner argues in his filings that the Court should apply Subsection (f)(4) of Section 2255 because he was unable to "discover" his claim until he obtained access to his Pre-Sentence Investigation Report, which he contends was banned in the facility where he was housed. The Petitioner also contends that the Court should apply the equitable tolling doctrine.

Equitable tolling may apply to extend the one-year statute of limitations under Section 2255. Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010); Johnson v. United States, 457 Fed. Appx. 462, 469-70 (6th Cir. Jan. 23, 2012). In order to demonstrate that equitable tolling should be applied, a petitioner bears the burden of demonstrating: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland, 130 S.Ct. at 2562; Johnson, 457 Fed. Appx. at 470.

The Petitioner has not satisfied the requirements of either Subsection (f)(4) or the doctrine of equitable tolling. Although the Petitioner states that he had difficulty accessing his Pre-Sentence Investigation Report, he does not state with any specificity when he gained access to the Report and discovered his claim in relation to the date he filed this case, nor has he

otherwise demonstrated that he was diligent in pursuing his claim.[1]

In any event, even if the Court does not apply the statute of limitations to bar the Petitioner's Motion To Vacate, the Petitioner's claim would be dismissed on the merits. Petitioner contends that his sentence should be vacated because application of Amendment 742 to the United States Sentencing Guidelines would lower his criminal history score and result in a reduced sentence. Amendment 742, which took effect on November 1, 2010, deleted former Subsection (e) of United States Sentencing Guideline Section 4A1.1, which had stated: "Add 2 points if the defendant committed the instant offense less than two years after the release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. . ." See Amendment 742, reprinted in U.S.S.G. Guidelines Manual, Supplement to Appendix C, at 354; United States v. Davy, 433 Fed. Appx. 343, 346 n.2 (6th Cir. July 12, 2011). Petitioner argues that repeal of this two-point "recency" enhancement should lower his criminal history score by two points.

The Petitioner's Pre-Sentence Investigation Report indicates, however, that his criminal history score was not increased under this Subsection. Instead, two points were added to his score under Subsection (d) because the Petitioner was on probation when he committed the offense of conviction. (PSIR, at ¶ 43). Subsection (d), unchanged by Amendment 742, states "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." (U.S.S.G. § 4A1.1(d)). See United States v. Galaviz, 645 F.3d 347, 362-63 (6th Cir.

---

[1] At sentencing, Petitioner had the Pre-Sentence Investigation Report and represented to the Court that he had read it. Also, the Court explained the calculation of all the Criminal History points. Thus, the Petitioner was fully apprised of the facts at least as of sentencing.

2011)(Noting that Amendment 742 did not affect language of Subsection (d)). Accordingly, Amendment 742 would not apply to reduce the Petitioner's criminal history score.

Even if Amendment 742 applied to reduce the Petitioner's criminal history score by two points, however, his Criminal History Category would not change. The Petitioner had a total criminal history score of 16, and a reduction of two points would still place the Petitioner in Criminal History Category VI, which requires a criminal history score of 13 points. (PSIR, at ¶ 44); U.S.S.G. ch. 5, pt. A. Consequently, Petitioner's Guideline Sentencing Range would remain unchanged, and no reduction in his sentence would be warranted.

IV. <u>Conclusion</u>

For the reasons set forth herein, the Court concludes that the Government's Motion To Dismiss should be granted, and the Petitioner's Motion To Vacate should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.


TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE